**Stella ILYAZBAROVA; Oleg S. Ahamian; Arsen S. Ahamian, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71526.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2006.*

Filed Feb. 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Song Park, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM **

Stella Ilyazbarova, Arsen S. Ahamian, and Oleg S. Ahamian (collectively "Petitioners"), natives and citizens of Azerbaijan, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying their application for asylum, withholding of removal, and relief under the Convention Against Torture.

■ We lack jurisdiction to review the IJ's adverse credibility determination because Petitioners failed to raise the issue before the BIA and, thus, failed to exhaust their administrative remedies. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Petitioners, moreover, do not challenge the IJ's adverse credibility finding before this Court and, in the absence of argument, "we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in the appellant's opening brief." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.2003) (quotations omitted).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

188

We need not consider Petitioner's contentions regarding their eligibility for asylum or withholding of removal because we cannot review the IJ's adverse credibility determination, and that determination is dispositive of their claims for relief. *See Pal v. INS*, 204 F.3d 935, 939 (9th Cir. 2000) (where substantial evidence supports adverse credibility finding, no need to reach question of whether petitioner has shown well-founded fear of future persecution); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003) ("[B]ecause we affirm the BIA's determination that Farah and his witnesses were not credible; we must similarly affirm the rejection of Farah's claim under the Convention Against Torture.").

■ Petitioners claim that the IJ violated their due process rights by limiting or excluding evidence supportive of their asylum claim. The record does not support their claim that evidence was improperly excluded. Additionally, the petitioners have failed to show how the IJ's conduct potentially affected the outcome of the proceedings when the IJ's adverse credibility determination was based on inconsistencies in Petitioners' testimony regarding the alleged persecution and the testimony allegedly excluded related solely to country conditions. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002) (holding that petitioner is required to show how the IJ's conduct potentially affected the outcome of the proceeding in order to succeed on a due process claim).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).